UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| **LINDA PAUWELS,** | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | ) Civil Action No. _____ |
| **ALLIED PILOTS ASSOCIATION** | ) |
| | ) JURY TRIAL DEMANDED |
| *Defendant.* | ) |

## COMPLAINT

Plaintiff Linda Pauwels brings this civil complaint against Defendant Allied Pilots Association ("APA") for unlawful violation of the duty of fair representation.

## PARTIES

1. Plaintiff Linda Pauwels is individual domiciled in Dallas, Dallas County, Texas.

2. Defendant Allied Pilots Association ("APA") is an independent pilot union with its headquarters and principal place of business in in Fort Worth, Tarrant County, Texas. It can be served through its registered agent for service of process, Patrick Clark, APA Secretary-Treasurer, 14600 Trinity Boulevard, Suite 500, Fort Worth, Texas, 76155-2559.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is an action arising under the laws of the United States, specifically the Railway Labor Act, § 1 *et seq.*, 45 U.S.C.A. § 151 *et seq.*

4. This Court has personal jurisdiction over Defendant APA because it has regular

1

contacts with Texas and regularly transacts business in this judicial district.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the unlawful employment practices occurred within this judicial district, which was the primary location of Plaintiff's union membership with Defendant APA.

## FACTUAL ALLEGATIONS

6. American Airlines, Inc. ("AA") hired Pauwels as a pilot in or about 1988.

7. The APA represents all AA pilots, Pauwels included.

8. Pauwels' physicians diagnosed her in or around 2004 with an endocrine autoimmune condition, as well as other secondary diseases.

9. Pauwels took medical disability leave in or around 2004 because of her conditions, and she remained on leave until in or about 2012 when she returned to work at AA.

10. Pauwels became a check pilot for AA in or around 2015. A check pilot is a pilot who is authorized by the airline and the Federal Aviation Administration (FAA) to conduct training and evaluation of line pilots.

11. On January 28, 2022 Pauwels experienced an exacerbation of her condition and received a subsequent diagnosis of post viral fatigue.

12. On or around July 1, 2022, Pauwels submitted her first accommodation request to her managing director of flight training and standards, Captain Lori Cline. AA then advised Pauwels to submit her accommodation request through AA's centralized online ADA procedure, which she did.

13. APA representative Captain John Karam helped Pauwels draft a request for accommodation for Joint Collective Bargaining Agreement ("JCBA") scheduling flexibility while maintaining the check pilot qualifications she already had. Specifically, Pauwels requested to

return to duty from medical leave as a line pilot (a line pilot's main duty is to transport cargo and passengers to their destination safely) for scheduling purposes, but retain her check pilot status and FAA Aircrew Program Designee ("APD") status under the Temporary Check Airman provision supplement to the JCBA (Supp O). Pauwels' medical need for these accommodations was for the management of fatigue deriving from her medical condition.

14. On or around August 17, 2022, Wesley Meyer, an attorney with the APA, advised AA that the APA would not object if AA granted Pauwels' accommodation request.

15. On or around April 20, 2023, Pauwels met with AA managers Captain Alan Johnson and Jessica Alvaredo, who told Pauwels that AA denied her accommodation request after the APA advised that it no longer supported Pauwels' accommodation.

16. Because of APA's actions, Pauwels returned to line pilot status with no accommodations to maintain the qualifications that she worked for years to obtain.

17. APA refused to provide Pauwels an explanation with regard to the revocation of its support for her accommodation request, even though the APA was aware of and had not objected to similar accommodations for male pilots that allowed the pilots to maintain their statuses while they were unable to work due to medical issues and disabilities. These male APA members include, but are not limited to, Robert Glathe, and William Ausley.

18. Pauwels has sustained economic damages and mental anguish because of APA's illegal acts, and she will continue to sustain damages into the future.

## CLAIM FOR RELIEF

### Violation of the Duty of Fair Representation

19. Pauwels incorporates the allegations in the foregoing paragraphs as though alleged herein.

20. Under the Railway Labor Act, 45 U.S.C.A. § 151 *et seq.,* a union's duty of fair representation arises out of the relationship between a union and members of a collective bargaining unit and requires the union to represent fairly all of those employees subject to a collective bargaining agreement. *McCall v. Sw. Airlines* Co., 661 F. Supp. 2d 647 (N.D. Tex. 2009).

21. A union must represent all employees fairly in its enforcement of a collective bargaining agreement. This duty of fair representation stands "as a bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law." *Landry v. The Cooper/T. Smith Stevedoring Co*., 880 F.2d 846, 852 (5th Cir. 1989).

22. A union violates its duty of fair representation only if its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith; each of these standards represents a distinct and separate inquiry. Railway Labor Act, 45 U.S.C.A. § 151 *et seq*.; *McCall v. Sw. Airlines Co.*, 661 F. Supp. 2d 647 (N.D. Tex. 2009).

23. APA owes Pauwels a duty of fair representation as Pauwels is a member of the Allied Pilots Association.

24. APA violated its duty of fair representation to Pauwels by failing to support her in her request for a reasonable accommodation, failing to provide an explanation or justification for its sudden reversal of support for her accommodation, and treating her differently than other male members that it supported in their medical accommodations.

25. APA violated its duty of fair representation under the arbitrary, discriminatory, and bad faith standards of analysis.

26. Pauwels suffered economic damages due to APA's violation of the duty of fair

4

representation, as she has had to relinquish her status as check pilot and thus lost her check pilot salary. Pauwels also suffered damages to her career and reputation caused by APA's failure to represent her fairly.

### PRAYER FOR RELIEF

Based on the foregoing, Pauwels respectfully requests that the Court enter judgment in her favor and award to her the following relief:

a. Legal and equitable relief, including granting her accommodation request;

b. Economic, compensatory, punitive, and liquidated damages;

c. Attorney's fees and costs;

d. Pre-judgment interest; and

e. Any other relief that this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff Linda Pauwels demands a trial by jury for any and all issues proper to be so tried.

Respectfully submitted,

**GARDNER HAAS PLLC**

*/s/ Kenneth N. Hickox, Jr.*
Kenneth N. Hickox, Jr.
State Bar No. 24025194
kh@GardnerHaas.com

2501 N. Harwood Street, Suite 1250
Dallas, TX  75201
Telephone:  (214) 712-8247


**THE EMPLOYMENT LAW GROUP PC**

*/s/ Scott Oswald*
R. Scott Oswald, Esq. (*pro hac vice application forthcoming*)
Washington, DC Bar No. 458859
soswald@employmentlawgroup.com
Adam Augustine Carter, Esq. (*pro hac vice application forthcoming*)
Washington, DC Bar No. 437381
acarter@employmentlawgroup.com

The Employment Law Group, P.C.
1717 K St., NW, Ste. 1110
Washington, D.C. 20006
(202) 261-2803
(202) 261-2835 (facsimile)

*Counsel for Plaintiff*