UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LINDA PAUWELS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00851-O |
| | § | |
| ALLIED PILOTS ASSOCIATION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant Allied Pilot Association's Motion to Dismiss for Failure to State a Claim (ECF No. 12), filed December 17, 2023; Plaintiff Linda Pauwels's Response in Opposition to the Motion (ECF No. 14), filed January 8, 2024; and Defendant's Reply in Support of the Motion (ECF No. 16), January 22, 2024. For the reasons set forth herein, the Court determines that the Motion to Dismiss should be **GRANTED in part** and **DENIED in part**.

## I.    BACKGROUND[1]

On August 14, 2023, Linda Pauwels ("Plaintiff" or "Pauwels") brought this lawsuit against the Allied Pilots Association ("Defendant" or "APA") in federal district court, alleging clams of: (I) breach of the duty of fair representation; (II) sex discrimination under Title VII; (III) retaliation under Title VII; and (IV) disability discrimination under the Americans with Disabilities Act ("ADA").

Plaintiff has been an American Airlines ("AA") pilot since approximately 1988. Defendant is a union that represents all AA pilots, including Plaintiff. In or around 2004, Plaintiff was

---

[1] Unless otherwise noted, the facts recited herein are drawn from Plaintiff's First Amended Complaint. *See* Pl.'s Amend. Compl., ECF No. 11. At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to Plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

diagnosed with an endocrine autoimmune condition. She consequently took medical leave from 2004 until 2012. After returning to work in 2012, Plaintiff filed a complaint with the Equal Opportunity Employment Commission ("EEOC") for gender discrimination, which resulted in a settlement between Plaintiff and both AA and Defendant.

Plaintiff became a check airman in 2015. A check airman is a pilot authorized by the airline as well as the Federal Aviation Administration ("FAA") to conduct training and evaluation of line pilots. In the summer of 2021, while Plaintiff was working as a check airman, she became a witness in an investigation triggered by an internal complaint, which alleged that three check airmen mistreated a pilot during training at the AA flight academy on account of the pilot's gender. In that matter, AA did not redact Plaintiff's name from the case hearing notice sent to Defendant and Captain John Darrah, the Chairman of the APA Check Airman Committee. Captain Darrah called Plaintiff and asked why she was a witness and what she had testified. Plaintiff refused to discuss the matter with Captain Darrah.

On January 26, 2022, Plaintiff completed a rating ride for students as assigned to her. Based on an incorrect paper copy of the schedule, however, Captain Darrah accused Plaintiff of willfully violating her contract by doing this assignment while on leave under the Family and Medical Leave Act ("FMLA"). Captain Darrah proceeded to initiate an investigation based on these faulty grounds. It resulted in a finding that Plaintiff had not violated her contract because she was not on FMLA leave as the paper schedule indicated. On April 5, 2022, Plaintiff requested that AA conduct an official investigation into violations of work environment policies, gender and disability discrimination, bullying and intimidation, retaliation, and personal safety concerns. On April 24, 2022, a member of the Check Airman Committee informed Plaintiff that Defendant would reopen the investigation into the same previous assignment she had accepted and completed. On April 25,

2022, Defendant received correspondence requesting an independent investigation into Plaintiff's allegations of discrimination and harassment based on gender and disability, as well as retaliation. In June 2022, Plaintiff filed a complaint with the EEOC for disability- and gender-based discrimination, as well as retaliation.

On July 1, 2022, Plaintiff submitted an accommodation request to AA with the assistance of Defendant's representatives. The requested accommodation entailed scheduling flexibility. In essence, the accommodation would allow Plaintiff to return to work as a line pilot while also maintaining her check airman qualification and aircrew program designation to manage fatigue resulting from her medical conditions. On August 17, 2022, an attorney with Defendant informed Plaintiff that Defendant would not object to Plaintiff's accommodation request. Plaintiff later met with AA on April 20, 2023. There, AA informed Plaintiff that her accommodation request was denied because Defendant no longer supported granting it. As a result, Plaintiff returned to line pilot status and lost her check airman qualification. To this day, Defendant has refused to explain to Plaintiff why it refused to support her accommodation request. Plaintiff asserts that male pilots have been granted similar accommodations to those that were denied to her.

Defendant now moves for full dismissal of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Following completion of the parties' briefing, that Motion is now ripe for the Court's review.[3]

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule 8(a) pleading standard "does not require 'detailed factual allegations,' but it demands more

---

[2] Def.'s Mot. to Dismiss 1, ECF No. 12 (citing FED. R. CIV. P. 12(b)(6)).
[3] *Id.*.; Pl.'s Resp., ECF No. 14; Def.'s Reply, ECF No. 16.

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard on its claim, the defendant may file a motion to dismiss it under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 570). Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the Complaint as true and view them in the light most favorable to the plaintiff. *Sonnier*, 509 F.3d at 675. However, the court may not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A court ruling on a motion to dismiss "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott,*

4

*M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation and internal quotation marks omitted).

## III.    ANALYSIS

Under Rule 12(b)(6), Defendant moves to dismiss Plaintiff's First Amended Complaint in its entirety for failure to state a claim of either (A) breach of duty of fair representation under 45 U.S.C. § 151, (B) Title VII sex discrimination under 42 U.S.C. § 2000(e), (C) Title VII retaliation under 42 U.S.C. § 2000(e), or (D) ADA disability discrimination under 42 U.S.C. § 12112, against Defendant.[4] Having reviewed the parties' briefing, evidence, and applicable law, the Court determines that, at this stage of the proceedings, Plaintiff has adequately pled "a claim upon which relief can be granted" for its second and third claims brought against Defendant, while failing to do so for its first and fourth claims. FED. R. CIV. P. 12(b)(6).

### A.  Breach of Duty of Fair Representation (45 U.S.C. § 151)

With respect to the cause of action for breach of duty of fair representation, the Court finds that Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

***Legal Standard.*** To successfully plead a claim of breach of duty of fair representation under 45 U.S.C. § 151, one of three standards must be adequately alleged: (1) the union's conduct was arbitrary, (2) the union's conduct was discriminatory, (3) or the union acted in bad faith. *Horner v. Am. Airlines, Inc.*, 927 F.3d 340, 343 (5th Cir. 2019).

The Railway Labor Act ("RLA") governs employment relations in the airline industry, including those between employees and employee unions. *Simmons v. Local 565 Air Transp. Div. Transp. Workers Union of Am. AFL-CIO*, No. 3:09-CV-1181-B, 2010 WL 4314074, at *3 (N.D.

---

[4] *See generally* Def.'s Mot. to Dismiss, ECF No. 12.

Tex. Oct. 25, 2010). The RLA has been interpreted to impose a "duty of fair representation" ("DFR") on labor unions, which a union breaches whenever its conduct toward a member of its bargaining unit is arbitrary, discriminatory, or in bad faith. *See Horner*, 927 F.3d at 343.

"A union's conduct is 'arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational.'" *Id.* at 343 n.1 (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991)). "Discrimination requires 'substantial evidence' that there was discrimination that was 'intentional, severe, and unrelated to legitimate union objectives.'" *Id.* at 343 n.2 (quoting *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp.'s of Am. v. Lockridge*, 403 U.S. 274, 301 (1971)). "Bad faith requires 'a motive to harm a particular group, and turns on the subjective motivation of the union officials.'" *Id.* at 343 n.3 (quoting *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 602 (5th Cir. 2017)).

*Analysis.* Plaintiff fails to plead factual content that plausibly establishes a breach of the duty of fair representation that enables the Court to reasonably infer Defendant's liability under 45 U.S.C. § 151. *Iqbal*, 556 U.S. at 678.

It is undisputed that Defendant owes a duty of fair representation to Plaintiff. However, Plaintiff has failed to plead sufficient factual allegations and engage with the applicable legal standards established by the Fifth Circuit. Under Count I, Plaintiff makes only two statements supporting the allegations: first that "APA violated its duty of fair representation to Pauwels by failing to support her in her request for a reasonable accommodation, failing to provide an explanation or justification for its sudden reversal of support for her accommodation, and treating her differently than other male members that it supported in their medical accommodations."[5]

---

[5] Pl.'s Amend. Compl. ¶ 41, ECF No. 11.

Second, "APA violated its duty of fair representation under the arbitrary, discriminatory, and bad faith standards of analysis."[6]

These are legal conclusions, not facts, which this Court cannot accept as true. *See Iqbal*, 556 U.S. at 678–79. Plaintiff fails to explain *how* or *why* Defendant's conduct actually amounts to any of the three standards that violate the duty of far representation—each of which "represents a distinct and separate inquiry." *McCall v. Sw. Airlines Co.*, 661 F. Supp. 2d 647, 654 (N.D. Tex. 2009). Specifically, Plaintiff does not explain exactly how or why Defendant's behavior extended "so far outside a wide range of reasonableness as to be irrational." *O'Neill*, 499 U.S. at 67. Nor does Plaintiff offer any details as to how or why Defendant's alleged conduct was not just discriminatory but further rose to a level of "intentional" and "severe" discrimination with no relation "to legitimate union objectives." *Lockridge*, 403 U.S. at 301. Lastly, despite alleging the ways in which Plaintiff suffered harm from the adverse actions of Defendant and its authorities, Plaintiff's pleadings do not identify or attribute any actual "motive to harm a particular group" to Defendant and its authorities with supporting allegations of their "subjective motivation." *Carr*, 866 F.3d at 602.

Because Plaintiff fails to plead factual allegations of a breach of the duty of fair representation that "plausibly give rise to an entitlement to relief" under 45 U.S.C. § 151, the Court **GRANTS** Defendant's Motion insofar as it requests dismissal of Plaintiff's first claim. *Iqbal*, 556 U.S. at 679.

---

[6] Pl.'s Amend. Compl. ¶ 42, ECF No. 11.

**B.  Title VII Sex Discrimination (42 U.S.C. § 2000(e))**

Regarding the Title VII claim for discrimination on the basis of sex, the Court finds that Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

***Legal Standard.*** Although Defendant correctly notes that "APA is not [Plaintiff's] employer,"[7] such does not preclude Defendant's liability under Title VII. Title VII provides that it is unlawful for a labor organization "to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(c)(1). The Supreme Court has held that the plain language of section 2000e-2(c)(1) only requires a labor organization "'*otherwise to discriminate against*[ ] any individual because of [her] race, color, religion, sex, or national origin.'" *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 667 (1987) (quoting 42 U.S.C. § 2000–2(c)(1)) (emphasis in original), *abrogated on other grounds*, *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). A Title VII discrimination claim based on circumstantial evidence, as is the case here, is governed by "the burden-shifting analysis introduced in *McDonnell Douglas Corp. v. Green*[.]" *Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022).[8] The Fifth Circuit has modified the *McDonnell Douglas* framework for discrimination claims brought against unions under section 2000e-2(c). A "plaintiff must show that [she] (1) is a member of a protected class,

---

[7] Def.'s Mot. to Dismiss 1, ECF No. 12.

[8] The Fifth Circuit recently modified the elements required for a plaintiff to succeed on a discrimination claim against an employer under section 2000e-2(a). *See Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502 (5th Cir. 2023) (en banc). The Fifth Circuit determined that the elements did not comply with the plain text of section 2000e-2(a). *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 430 (5th Cir. 2023). Because the test set forth for labor organizations does not suffer from the same legal defect as the test for employers and remains in accordance with both the plain text of § 2000–2(c)(1) and Supreme Court precedent, the Court will continue to apply that standard.

(2) was subject to an adverse union action, and (3) was treated less favorably than similarly situated individuals not in the protected class." *Pena v. Dallas Police Ass'n*, No. 3:22-CV-0987-N-BH, 2023 WL 2144296, at \*6 (N.D. Tex. Jan. 17, 2023), *report and recommendation adopted*, No. 3:22-CV-0987-N-BH, 2023 WL 2142973 (N.D. Tex. Feb. 21, 2023) (citing *Wesley v. General Drivers, Warehouseman and Helpers Local 745*, 660 F.3d 211, 214 (5th Cir. 2011)).

The first element is not in dispute—namely, that Plaintiff is a woman and therefore a member of a protected class.[9] The Court proceeds on the assumption that the first element is met.

The second element requires that the plaintiff was subject to an adverse union action. In the context of what constitutes an adverse employment action, the Fifth Circuit noted that the language of section 2000–2(a) is quite broad, demonstrating "'a congressional intent to strike at the entire spectrum of disparate treatment of men and women in employment.'" *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 501–503 (5th Cir. 2023) (en banc) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998)). Moreover, the language of section 2000–2(c)(1) is even broader and, unlike section 2000–2(a), is not limited by a catchall provision. *Compare* § 2000– 2(c)(1), *with* 2000–2(a). However, "the Supreme Court has cautioned federal courts not to 'transform Title VII into a general civility code for the American workplace.'" *Hamilton*, 79 F.4th at 505 (quoting *Oncale*, 523 U.S. at 80). As such, Title VII "does not permit liability for de minimis workplace trifles." *Id.* at 505. The Fifth Circuit has left "for another day the precise level of minimum workplace harm" that amounts to more than de minimis. *Id*. The Supreme Court, however, has adopted a de minimis definition of "very small or trifling." *Groff v. DeJoy*, 600 U.S. 447, 464, 469 (2023) (quoting BLACK'S LAW DICTIONARY 388 (5th ed. 1979)).

---

[9] *See generally* Def.'s Mot. to Dismiss, ECF No. 12; *see also* Pl.'s Amend. Compl. ¶ 47, ECF No. 11.

The third element requires that the plaintiff was treated less favorably than similarly situated individuals not in the protected class. "To satisfy the 'similarly situated' prong, the employee carries out a comparator analysis." *Saketkoo*, 31 F.4th at 998 (citing *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253 (5th Cir. 2009)). "Under this analysis, the employee must establish that she was treated less favorably than a similarly situated employee outside of her protected class in nearly identical circumstances." *Id.* at 998. "The similarly situated employee is known as a comparator." *Id*. "A variety of factors are considered when determining whether a comparator is similarly situated, including job responsibility, experience, and qualifications." *Herster v. Bd. of Supervisors of La. State Univ.*, 887 F.3d 177, 185 (5th Cir. 2018). "Moreover, [courts] require an employee to show that the comparator's conduct is nearly identical, not strictly identical." *Saketkoo*, 31 F.4th at 998 (cleaned up). However, there is no requirement at the pleading stage to show that the comparators are nearly identical. *See Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767–68 (5th Cir. 2019).

*Analysis.* Plaintiff has pled factual allegations of sex discrimination that "plausibly give rise to an entitlement to relief" under the 42 U.S.C. § 2000(e). *Iqbal*, 556 U.S. at 679.

Adverse Union Action. Defendant maintains that Plaintiff fails to plead sufficient facts to establish element two—namely, that Defendant took an adverse union action against Plaintiff. The Court disagrees. The Complaint unmistakably alleges well-pleaded facts to this effect.[10] Specifically, Plaintiff identifies and alleges four adverse employment actions by Defendant: (1) that APA Check Airman Committee Chair John Darrah falsely accused Plaintiff of illegally taking an assignment during FMLA leave; (2) that Darrah requested that AA conduct a forensic audit of Plaintiff's schedule; (3) that APA refused to recuse Darrah from the matter; and (4) that APA

---

[10] Pl.'s Amend. Compl. ¶¶ 49 & 51, ECF No. 11.

reversed its position and objected to Plaintiff's accommodation request.[11] Losing a qualification and, as a result, a stream of income that takes years[12] to obtain constitutes more than mere "de minimis workplace trifles." *Hamilton*, 79 F.4th at 505. These pleadings plausibly establish that APA's actions constitute an adverse union action.

<u>Disparate Treatment.</u> Defendant contends that Plaintiff further fails to adequately plead element three—namely, that she was treated less favorably than similarly situated individuals not in the protected class.[13] The Court again disagrees. Plaintiff has identified Robert Glathe and William Ausley as comparators.[14] Both are males that fall outside of the protected class. The Complaint details that Plaintiff is an experienced pilot[15] with a check pilot certification[16] and a medical disability.[17] The comparators in the Complaint are also pilots with check pilot certifications and medical disabilities.[18] The comparators appear to have similar qualifications and experience as Plaintiff. However, the comparators were supported by APA in their pursuit and eventually granted a similar accommodation to that requested by Plaintiff.[19] Based on these pleadings, the Court can reasonably infer that APA did not support Plaintiff's accommodation request on account of her sex. In light of this finding on disparate treatment, Plaintiff's allegations plausibly establish the third and final element of sex discrimination.

The Court therefore **DENIES** Defendant's Motion insofar as it requests dismissal of Plaintiff's sex discrimination claim. *Iqbal*, 556 U.S. at 679.

---

[11] Pl.'s Amend. Compl. ¶¶ 49 & 51, ECF No. 11.
[12] Pl.'s Amend. Compl. ¶¶ 33 & 43, ECF No. 11.
[13] Def.'s Mot. to Dismiss 14–16, ECF No. 12.
[14] Pl.'s Amend. Compl. ¶ 34, ECF No. 11.
[15] Pl.'s Amend. Compl. ¶ 8, ECF No. 11.
[16] Pl.'s Amend. Compl. ¶ 14, ECF No. 11.
[17] Pl.'s Amend. Compl. ¶ 8, ECF No. 11.
[18] *See* Pl.'s Amend. Compl. ¶ 10, ECF No. 11.
[19] *See* Pl.'s Amend. Compl. ¶ 34, ECF No. 11.

11

### C.  Title VII Retaliation (42 U.S.C. § 2000(e))

With respect to the Title VII retaliation claim, the Court finds that Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

***Legal Standard.*** To successfully plead a claim of retaliation under 42 U.S.C. § 2000, three elements must be adequately alleged: "(1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action." *Saketkoo*, 31 F.4th at 1000 (internal quotation marks and citation omitted).[20]

Title VII defines a protected activity as opposing "any practice made an unlawful employment practice by this subchapter," or if "[she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The second element was discussed at length with respect to Count II and need not be rehashed. The third element requires that there be some causal connection between the protected activity and the adverse employment action. *See id.* A plaintiff "can establish a causal link at the prima facie stage when evidence demonstrates that the adverse action was 'based in part on knowledge of the employee's protected activity.'" *Saketkoo*, 31 F.4th at 1001 (quoting *Medina v. Ramsey Steel Co.,* 238 F.3d 674, 684 (5th Cir. 2001)). This standard is met when, based on the facts of the case, the adverse action is not wholly unrelated to the protected activity. *Id.* at 1001.

***Analysis.*** Plaintiff has pled factual content that plausibly establishes each element of retaliation and thereby enables the Court to reasonably infer Defendant's liability for the misconduct alleged under Title VII. *Iqbal*, 556 U.S. at 678.

---

[20] Of note, section 2000e-3 provides a cause of action by union members against labor organizations for retaliation under Title VII. *See* 42 U.S.C. § 2000e-3(a).

Protected Activity. The first element is clearly met in this case. Plaintiff filed a discrimination claim against APA in June of 2022.[21] Plaintiff also served as a witness in a sex discrimination investigation in the summer of 2021.[22] Making an allegation of sex discrimination under Title VII and serving as a witness in a sex discrimination case are both clearly contemplated as a protected activities by the plain language of section 2000e-3(a).

Adverse Employment Action. The second element was met when APA reversed its position and objected to Plaintiff's accommodation request.[23] This is addressed at length in Count II.

Causal Connection. Defendant contends that Plaintiff further fails to adequately plead facts leading to an inference of a causal connection between one of Plaintiff's protected activities and the APA's decision not to support her disability accommodation request. The Court finds to the contrary. In *Saketkoo*, the Fifth Circuit held that a supervisor possessing knowledge of protected activity while deciding to take an adverse employment action is sufficient to find that they are not wholly unrelated. *See* 31 F.4th at 1001. As with the person of authority in *Saketkoo*, here, Captain John Darrah—the Chairman of the APA Check Airman Committee—received notice that Plaintiff was a witness in an investigation alleging gender discrimination.[24] It is also reasonable to infer that authorities at APA were aware of the EEOC complaint Plaintiff filed in June 2022, as she had already settled with AA.[25] With knowledge of these protected activities, persons with authority at APA chose to reverse their initial support for Plaintiff's accommodation request.[26] Given these allegations, a reasonable inference can be made that Defendant was aware of Plaintiff's protected activities while adversely acting against her accommodation request. As such, the Court finds that

---

[21] Pl.'s Amend. Compl. ¶ 62, ECF No. 11.
[22] Pl.'s Amend. Compl. ¶ 61, ECF No. 11.
[23] Pl.'s Amend. Compl. ¶¶ 49 & 51, ECF No. 11.
[24] Pl.'s Amend. Compl. ¶ 16, ECF No. 11.
[25] *See* Pl.'s Amend. Compl. ¶¶ 28 & 70, ECF No. 11.
[26] *See* Pl.'s Amend. Compl. ¶¶ 28 & 70, ECF No. 11.

Defendant's adverse action is not wholly unrelated to its knowledge of Plaintiff's protected activities. *See Saketkoo*, 31 F.4th at 1001.

Because the Plaintiff has pled factual allegations of retaliation that "plausibly give rise to an entitlement to relief" under Title VII, the Court **DENIES** Defendant's Motion insofar as it requests dismissal of Plaintiff's retaliation claim. *Iqbal*, 556 U.S. at 679.

### D. ADA Disability Discrimination (42 U.S.C. § 12112)

Lastly, in terms of the ADA disability discrimination claim under 42 U.S.C. § 12112, the Court finds that Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

***Legal Standard.*** To successfully plead a claim of disability discrimination under 42 U.S.C. § 12112, three elements must be adequately alleged by the plaintiff: "1) she suffers from a disability; 2) she was subject to an adverse union action; and 3) she was treated less favorably than non-disabled employees." *Wesley*, 660 F.3d at 214 (quoting *Stalcup v. Communication Workers of America*, 44 Fed.Appx. 654, at *1 & *3 (5th Cir. 2002)).

***Analysis.*** Plaintiff fails to plead factual content that plausibly establishes each element of a disability discrimination claim and thus enables the Court to reasonably infer Defendant's liability under 42 U.S.C. § 12112. *Iqbal*, 556 U.S. at 678.

Even assuming *arguendo* that the first two elements are met, Plaintiff's First Amended Complaint fails to adequately plead the third element of disability discrimination.[27] Plaintiff's only allegation of disparate treatment entails that she "was subject to the adverse employment decisions above on account of her disability."[28] This conclusory statement is insufficient factual content to allow the Court "to draw the reasonable inference that [Defendant] is liable for the misconduct

---

[27] *See generally* Pl.'s Amend. Compl., ECF No. 11.
[28] Pl.'s Amend. Compl. ¶ 80, ECF No. 11.

alleged." *Iqbal*, 556 U.S. at 678. Furthermore, Plaintiff states that other disabled pilots were granted the accommodations she requested, which further undermines the allegation that Defendant based its decision not to support her accommodation on her disability.[29]

Because Plaintiff fails to plead factual allegations of less favorable treatment than non-disabled employees which "plausibly give rise to an entitlement to relief" under the ADA, the Court **GRANTS** Defendant's Motion insofar as it requests dismissal of Plaintiff's fourth claim. *Iqbal*, 556 U.S. at 679.

\*     \*     \*     \*

For the foregoing reasons, the Court concludes that Plaintiff has plausibly stated claims upon which relief can be granted for Counts II and III. *Twombly*, 550 U.S. at 570. Conversely, the Court concludes that Plaintiff has not plausibly stated a claim upon which relief can be granted for Counts I and IV. *Twombly*, 550 U.S. at 570. Based on these conclusions, the Court is of the opinion that under Rule 12(b)(6), Defendant's Motion to Dismiss Plaintiff's First Amended Complaint should be **GRANTED in part** with respect to Counts I and IV and **DENIED in part** with respect to Counts II and III. Fed. R. Civ. P. 12(b)(6).

## IV.    CONCLUSION

Accordingly, it is **ORDERED** that Defendant Allied Pilots Association's Motion to Dismiss (ECF No. 12) is hereby **GRANTED in part** and **DENIED in part**; and that Count I and Count IV of Plaintiff Linda Pauwels's First Amended Complaint (ECF No. 11) are hereby **DISMISSED with prejudice** to the refiling of the same.

**SO ORDERED** on this **14th day** of **February 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[29] Pl.'s Amend. Compl. ¶ 50, ECF No. 11.